OPINION
Defendant-appellant Michael Zielinski appeals the June 6, 2000 Judgment Entry of the Richland County Court of Common Pleas which found him in contempt of court and ordered him to pay $250 to plaintiff-appellee ARMCO, Inc. (hereinafter "ARMCO").
 STATEMENT OF THE CASE AND FACTS
ARMCO and the United Steel Workers of America are embroiled in an on going bitter labor dispute. On September 28, 1999, the parties entered into an agreed preliminary injunction. This agreed injunction bound the parties, "their members and other persons associated with or acting in concert with them, and/or all others to whom knowledge of this Order shall come." This agreed preliminary injunction contained the following pertinent provisions:
 1. Defendants shall not interfere with, hinder, threaten, or intimidate in any manner whatsoever, the officers, agents, employees, representatives, prospective employees, customers and business associates of the other, and other persons having business with them, provided, however, Defendants are permitted to picket in accordance with the restrictions of paragraph number 8 of this Agreed Preliminary Injunction;
 11. Defendants shall not commit any acts and/or threats of violence or harassment toward either the persons or property of any officers, agents employees, prospective employees, customers, or other persons desiring to do business with Plaintiff; likewise, Plaintiff and its agents shall not commit any acts and/or threats of violence or harassment toward Defendants;
 13. Defendants shall not molest or threaten nor shall they follow or trail in any unlawful manner of for any unlawful purpose, any of Plaintiff's carriers, suppliers or others doing business with Plaintiff;
 19. Plaintiff and Defendant shall not protect, aid, abet or assist anyone in the commission of the acts hereinbefore stated.
On May 1 and 5, 2000, the trial court held hearings on appellee's tenth motion to show cause against Ray Delarwelle. Apparently, information elicited at that hearing indicated appellant had also violated the September 28, 1999 agreed preliminary injunction. On May 11, 2000, appellee filed its eleventh motion to show cause alleging appellant, along with other individuals, had violated the agreed preliminary injunction. As a result, the trial court set an oral hearing on appellee's eleventh motion to show cause for June 5, 2000. At the hearing, the parties stipulated portions of the testimony from the tenth motion to show cause hearing should be admitted as evidence. Accordingly, the trial court admitted the previous testimony of Thomas Pokusa, Steven Bamberger, and Raymond Delarwelle. Appellee presented ten additional witnesses in support of its case. Appellant, and the other alleged contemnors, presented the testimony of one witness. The following evidence was adduced. On April 14, 2000, a group of seven or eight members and/or supporters of the United Steel Workers traveled in a van owned by Ray Delarwelle to the corporate offices of ARMCO's security force, SecurCorp, located in Woodbridge, Virginia. SecurCorp has provided security services to ARMCO at its Mansfield, Ohio steel mill since July, 1999. At approximately 3:25 p.m., Thomas Pokusa, President of SecurCorp, was working at SecurCorp's corporate office when he heard individuals shouting in the reception area. Mr. Pokusa went into the hallway and was confronted with appellant and several other individuals. The group was yelling, holding signs, and filming the event with video cameras. Appellant repeatedly yelled the phrases: "Get out of Mansfield," "Fucking goons," "Jack booted thugs, get out of Mansfield" into the megaphone while inside SecurCorp's facility. Mr. Pokusa asked the group to leave. At the June 5, 2000 hearing, Sandy Luby, ARMCO's Human Resources Manager, identified appellant on a videotape of the incident as the individual yelling into Mr. Pokusa's ear with a megaphone. Appellant, and other individuals identified on the video tape, testified on cross-examination. However, no evidence was elicited because each witness in the group asserted his fifth amendment privilege against self-incrimination in response to every question posed. After the hearing, and review of the stipulated testimony from the May 1, 2000 hearing, the trial court concluded by clear and convincing evidence appellant was in civil contempt. In its June 6, 2000 Judgement Entry, the trial court specifically found appellant had violated paragraphs 1, 11, 13 and 19 of the agreed preliminary injunction. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT OF THE COURT'S AGREED PRELIMINARY INJUNCTION AS THE ACTS FOUND TO BE IN CONTEMPT WERE BEYOND THE SCOPE OF THE INJUNCTION.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT MICHAEL ZIELINSKI TO PAY $250.00 TO ARMCO, INC. THE FINE IS NOT SUPPORTED BY THE EVIDENCE OF RECORD, AND THAT ORDER VIOLATES CONTROLLING LEGAL AUTHORITY.
 I
In appellant's first assignment of error, he maintains the trial court erred in finding him in contempt because the alleged contemptuous act was beyond the scope of the injunction. Specifically, appellant maintains any actions which occurred on the premises of SecurCorp, Inc, which is 425 miles away from Mansfield, Ohio, in the State of Virginia, were beyond the jurisdiction of the trial court. Further, appellant contends the provision of the agreed preliminary injunction, which restrained the defendants from interfering with or hindering plaintiff's "officers, agents, employees, representatives, perspective employees, customers, and business associates* * *" was inapplicable in this matter. Appellant maintains SecurCorp does not fit into any of the enumerated categories. We disagree with appellant's contentions. The standard of review of a trial court finding of contempt is abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 . Geographic Scope In this portion of appellant's first assignment of error, he maintains the preliminary injunction did not extend to actions which occurred outside of the geographic jurisdiction of the trial court. We disagree. We note our agreement with the First Appellate District in The Kruse Hardware Co. v. Truck Drivers, Chauffeurs, Helpers Local Union No. 100 (April 15, 1981), Hamilton App. No. C-800210, unreported. "The fact that the acts constituting contempt occurred outside the territorial jurisdiction of the court does not deprive it of jurisdiction. Id. at 3, citing 17 C.J.S. Contempt Section 64 at 167. The First District quoted Leman v. Krentler-Arnold Hinge Last Co. (1932), 284 U.S. 448, in which Chief Justice Hughes wrote: Disobedience constituted contempt of the court which rendered the decree, and was nonetheless contempt because the act was committed outside the district, as the contempt lay in the fact, not in the place, of the disobedience to the requirement. Id.
Appellant's contempt herein lay in the fact (the contemptuous act), not in the place. Accordingly, this portion of appellant's first assignment of error is overruled. Ambiguity of the Concept "Business Associates" Appellant maintains the agreed preliminary injunction was ambiguous with regard to the definition of "business associates." The agreed preliminary injunction restrained appellant from interfering with "business associates" of ARMCO. Because "business associate" was not specifically defined, appellant maintains this term could be easily be interpreted as "partner, colleague, or to join together for some special purpose." We disagree. We agree with appellee, this argument begs the question, "Why did appellant protest at the SecurCorp office about the labor dispute at issue in the injunction if he did not know SecurCorp was a business associate of ARMCO?" Notwithstanding the fact ARMCO did not directly contract with SecurCorp, there was ample evidence of a business association. SecurCorp provided security guards to ARMCO and said guards had been working at the Mansfield facility for nearly a year. The fact appellant knew of this association is bolstered by the comments he yelled through the megaphone, supra. This portion of appellant's first assignment of error is overruled. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court's decision to impose a $250 fine upon him was unsupported by the evidence. Specifically, appellant ARMCO's failure to plead damages in its eleventh motion to show cause precludes any award of damages in the contempt proceeding. We disagree. In City of Cincinnati v. Cincinnati Dist. Council 51 Am. Federation of State, County and Municipal Emp., AFL-CIO (1973), 35 Ohio St.2d 197, the Ohio Supreme Court addressed the issue of fines levied in civil contempt proceedings. In upholding the propriety of a $1,000 fine, the Supreme Court stated: It is also well settled that 'judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.
* * *
Id. at 206, citations omitted. (Emphasis added).
In the matter sub judice, the trial court heard evidence relative to events surrounding the arrival of a group of seven or eight individuals at SecurCorp headquarters in Woodbridge, Virginia. Appellant and others entered the offices of SecurCorp, without invitation, equipped with a bullhorn, protest signs and video cameras. Appellant refused to leave when asked to do so, and further began screaming obscenities into the megaphone. This was the eleventh motion for contempt filed by ARMCO. We find the fine imposed was designed to coerce appellant to comply, in the future, with the agreed preliminary injunction. Under these circumstances, we find no abuse of discretion in the trial court's decision to award damages in the amount of $250.00 to ARMCO. Appellant's second assignment of error is overruled.
The June 6, 2000 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Edwards, J. and Milligan, V.J. concur.